Adam R. Fairbairn
Attorney at Law
819 - 12th St. Ste. 211
Paso Robles, CA 93446

Tel.: 805.238.7688
Fax. 805.238.7497

Attorney for CHUMEIA, INC.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

In re                                           ) CASE NO.: 9:11-bk-12335-RR
                                                )
CHUMEIA, INC.                                   ) CHAPTER 11
                                                )
         Debtor.                                ) APPLICATION OF CHAPTER 11 DEBTOR
                                                ) TO EMPLOY ADAM R. FAIRBAIRN
                                                ) NUNC PRO TUNC TO JULY 5, 2011;
                                                ) DECLARATION OF ADAM R. FAIRBAIRN
                                                )
                                                ) Date: September 6, 2011
                                                ) Time: 10:00 a.m.
                                                  Place: 1415 State Street
                                                         Courtroom 201
                                                         Santa Barbara, CA 93101

TO THE HONORABLE ROBIN RIBLET, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATE TRUSTEE AND OTHER PARTIES IN INTEREST:

CHUMEIA, INC. ("Applicant") submits its Application to Employ Adam R. Fairbairn as his attorney nunc pro tunc to 7/5/2011.

On 05/18/2011, CHUMEIA, INC. filed a petition under Chapter 11 of the Bankruptcy Code.

1.  CHUMEIA, INC. is the Debtor and he wishes to employ Adam R. Fairbairn as its attorney under 11 USC §327 in this case and to compensate Adam R. Fairbairn under 11 USC (§328 or §330) pursuant to the terms and conditions contained in the agreement ("Fee Agreement") attached as Exhibit "A" to the supporting Declaration of Adam R. Fairbairn.

2.  CHUMEIA, INC. has selected Adam R. Fairbairn because Adam R. Fairbairn has experience in representing CHUMEIA PROPERTY INTERESTS several years ago and is

APPLICATION TO EMPLOY                                                              Page 1

the only attorney willing to work with CHUMEIA, INC. without a substantial retainer for fees ($8,000.00 paid in full prior to the filing of the Chapter 11 Petition), and CHUMEIA, INC. believes Adam R. Fairbairn is to represent CHUMEIA, INC. in his Chapter 11 filing.

3. The professional services Adam R. Fairbairn will render are: the complete representation of CHUMEIA, INC. in all matters pending before the Bankruptcy Court.

4. Except as stated in the attached Declaration of Adam R. Fairbairn, Mr. Fairbairn has no connection with the Debtor, its creditors or any other party in interest, their respective attorneys or accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

5. As set forth in the attached Declaration of Adam R. Fairbairn, Mr. Fairbairn believes he is "disinterested" and does not hold or represent an interest adverse to the estate as described in 11 USC §327(a).

WHEREFORE, CHUMEIA, INC. respectfully requests that he be authorized to employ Adam R. Fairbairn to perform legal services effective as of 7/5/2011, and for such other and further relief as the court deems just and proper. Dated: July 1, 2011.

/s/ Mark Nesbitt, CEO
CHUMEIA, INC., DEBTOR

# ATTACHED DECLARATION OF ADAM R. FAIRBAIRN

## February 14, 2011

## CASE NO.: 9:11-bk-12335-RR

I, Adam R. Fairbairn, declare as follows:

1. I am an attorney in a solo law firm. This declaration is made on my own personal knowledge and if called upon to testify. I could and would competently testify thereto.

2. CHUMEIA, INC. filed its petition under Chapter 11 of the United States Bankruptcy Code on July 1, 2011.

3. CHUMEIA, INC. desires to employ Adam R. Fairbairn as his counsel to perform the following professional services:

    a. The complete representation of CHUMEIA, INC. in all matters pending before the Bankruptcy Court.

4. Adam R. Fairbairn is located in Paso Robles and is composed of one single attorney who will appear in this case are admitted to practice law in The State of California, United States District Court, Central District of California and Southern District of California and in the United State Bankruptcy Court for the Central District of California Northern Division.

5. CHUMEIA, INC. and Adam R. Fairbairn have entered into a Fee Agreement (a true and correct copy of which is attached hereto as Exhibit "1") subject to approval by this court. The Fee Agreement provides for a total payment of $8,000.00 that was paid, and an hourly rate of $300.00 per hour.

6. Adam R. Fairbairn will bill in increments of one tenth of an hour in this case.

7. Adam R. Fairbairn requests that this Court specifically approve the terms of his employment and compensation as set forth in the Fee Agreement (Exhibit "1").

8. Adam R. Fairbairn understands that its compensation is subject to approval by this Court, and intends to file applications for interim allowance of fees and costs during the course of the case in accordance with 11 USC(§328 or §330). Adam R. Fairbairn understands and agrees that if the aggregate interim payments exceed the amount ultimately allowed

1    to Adam R. Fairbairn must promptly repay the difference to the estate.

2  9.    Adam R. Fairbairn has not agreed to share with any person or entity any compensation he
3       receives. May be awarded in this case, except among members of Adam R. Fairbairn. No
4       other payments have been made or promised to Adam R. Fairbairn in connection with this
5       employment except.

6  10.   Adam R. Fairbairn has no connection with the Debtor, its creditors or any other party in
7       interest, their respective attorneys or accountants, the US Trustee, or any person
8       employed in the Office of the US Trustee with the exception of several years ago I was
9       CHUMEIA's Attorney in a minor property dispute that lasted for approximately eight
10      months.

11 11.   I believe that Adam R. Fairbairn is "disinterested" and does not hold or represent an
12      interest adverse to the estate as described in the 11 USC §327(a).

13 I declare under penalty of perjury under the laws of The State of California that the foregoing is
14 true and correct. Executed on July 1, 2011 at Paso Robles, California.

16                                /s/ Adam R. Fairbairn
                                  Adam R. Fairbairn
17

# Adam R. Fairbairn
## Attorney at Law

1819 12th Street
Paso Robles, CA 93446

Tel: 805.238.7688
Fax: 805.238.7497

---

## ATTORNEY-CLIENT MINIMUM-FEE AGREEMENT

This is the written fee agreement ("Agreement") that California law requires attorneys to have with their clients. **Adam R. Fairbairn, Attorney at Law** ("Attorney") will provide legal services to MARK **Nesbitt as agent for Chumeia Vineyards** ("Client") on the terms set forth below.

**1. CONDITIONS.** *This Agreement will not take effect, and Attorney will have no obligation to provide legal services, until Client returns a signed copy of this agreement and pays the minimum fee called for under Paragraph 4.*

**2. SCOPE OF SERVICES.** Client hires Attorney to provide legal services in the following matter: CH11 BK Attorney will provide those legal services reasonably required to represent Client. Attorney will take reasonable steps to keep Client informed of progress and to respond to Client's inquiries. If a court action is filed, Attorney will represent Client through trial and post-trial motions. This Agreement does not cover representation on appeal, in execution proceedings after judgment, or in any other actions or proceedings. Separate arrangements must be agreed to for those services. *Services in any matter not described above will require a separate Agreement.*
**Explained, Read and Approved:** _____ (Client's initials)

**3. DUTIES.** Client agrees to be truthful with Attorney, to cooperate, to keep Attorney informed of any information or developments which may come to Client's attention, to communicate with and deliver information to Attorney promptly upon request, to abide by this agreement, to pay Attorney's bills on time and to keep Attorney advised of Client's current address, telephone number and whereabouts. Client promises to timely assist Attorney in providing necessary information and documents and appear when necessary at legal proceedings. Attorney agrees to keep Client informed of any information or developments which may come to Attorney's attention.
**Explained, Read and Approved:** _____ (Client's initials)

**4. MINIMUM FEE TERMS.** Client agrees to pay Attorney a minimum fee of ($8,000.00) dollars on May, 18, 2010. Client acknowledges that the minimum fee is not an estimate of total fees and costs. *Upon Attorney filing papers with the court regarding Client's case, this minimum fee will be non-refundable in the event Client decides for*

EXHIBIT A
1 of 5

PAGE    OF

*any reason to discontinue the services of the Attorney.* Additional payments shall be required from Client to pay future attorneys' fees and costs after the minimum fee has been exhausted. If Client declines to make payments after the minimum fee has been exhausted, Attorney shall have the right to withdraw as Attorney for Client, and Client agrees to execute all necessary documents that allow for the withdrawal and substitution of legal representative.

**5. RETURNED CHECK CHARGE.** $35.00 will be assessed to Client for any returned check.

**6. LEGAL FEES AND BILLING PRACTICES.** Whenever the balance of Client's deposit reaches $1,500, Attorney reserves the right to demand, and client agrees to pay, further deposits, each up to a maximum of $5,000.00. *Client agrees to pay all deposits within 15 days of Attorney's demand.* Attorney's fees will be charged at the current hourly rates for all time spent on Client's matter by Attorney and Attorney's personnel. Current hourly rates for Attorney and personnel are as follows:

| | |
|---|---|
| Attorney: | $300.00/hour |
| Paralegals: | $100.00/hour |
| Legal secretary: | $75.00/hour |

The rates on this schedule are subject to change on 30 day written notice to client. If Client declines to pay any increased rates, Attorney will have the right to withdraw as Attorney for Client.

The time charged will include the time Attorney spends on telephone calls relating to Client's matter, including calls with Client, witnesses, opposing counsel, court personnel, etc. The legal personnel assigned to Client's matter may confer among themselves about the matter, as required and appropriate. When they do confer, each person will charge for the time expended, as long as the work done is reasonably necessary and not duplicative. Likewise, if more than one of the legal personnel attends a meeting, court hearing or other proceeding, each will charge for the time spent. Attorney will charge for waiting time in court and elsewhere and for travel time, both local and out of town.

If Client cancels within 24 hours of or does not appear at any scheduled appointment with Attorney, Client will be charged for one hour of Attorney's time at Attorney's hourly rate in effect at that time.

Time is charged in minimum units of one tenth (.10) of an hour. The following have higher minimum charges:

| | |
|---|---|
| Phone calls/Faxes/Copying: | Minimum of one-quarter (.25) of an hour |
| Preparing Letters/Pleadings/Court papers: | Minimum of one-half (.50) of an hour |

**7. COSTS AND OTHER CHARGES.**

**(a)** In general Attorney will incur various costs and expenses in performing legal services under this Agreement. Client agrees to pay for all costs, disbursements and expenses in addition to the hourly and/or minimum fees. The costs and expenses

EXHIBIT A

2 of 5

PAGE    OF

commonly include, service of process charges, filing fees, court and deposition reporters' fees, jury fees, notary fees, recording fees, deposition costs, long distance telephone charges, messenger an other delivery fees, postage, photocopying and other reproduction costs, travel costs including parking, mileage, transportation, meals and hotel costs, investigation expenses, consultants' fees, expert witness, professional, mediator, arbitrator and/or special master fees and other similar items. All costs and expenses will be charged at Attorney's cost, except for the items listed below.

| | |
|---|---|
| In-office photocopying: | $0.25/page |
| Facsimile charges: | $1.00/page |
| Mileage: | $0.50/ mile |

**(b) Out of Town Travel.** Client agrees to pay transportation, meals, lodging and all other costs of any necessary out-of-town travel by Attorney's personnel. Client will also be charged the hourly rates for the time legal personnel spend traveling.

**(c) Experts, Consultants and Investigators.** To aid in the preparation of presentation of Client's case, it may become necessary to hire expert witnesses, consultants or investigators. Client agrees to pay such fees and charges. Attorney will select any expert witnesses, consultants or investigators to be hired and Client will be informed of persons chosen and their charges.

Additionally, Client understands that if the matter proceeds to court action or arbitration, Client may be required to pay fees and/or costs to other parties in the action. Any such payment will be entirely the responsibility of Client.

**8. BILLING STATEMENTS.** Attorney will send Client periodic account statements for fees and costs incurred. *Each statement showing a balance due will be payable within 15 days of its mailing date.* If Client so requests, Attorney will provide an account statement within 15 days of request. The account statements shall include the amount, rate, basis of calculation or other method of determination of the fees and costs, which costs will be clearly identified by item and amount.

**9. THIRD-PARTY PAYMENTS.** Client may arrange for a third-party to make payments for Client's attorney fees. Client understands that such an arrangement with a third-party payor may result in a conflict of interest between Client and the payor. Client's arrangement for third-party payment does not in any way release Client from Client's promise to pay Attorney for any and all charges due under this Agreement.

**10. INTEREST CHARGE.** Each item overdue on Client's account statement will be subject to an interest charge at a rate of 10% per annum. Each item will be charged interest beginning 15 days after the date that item first becomes payable on the billing statement in which that item first appears. The interest charges are calculated for each item on the account by (i) taking each item, (ii) multiplying that item by the applicable daily periodic rate, (iii) multiplying the resulting amount for each item by the number of days the item is overdue. The account statement will then be comprised of each item and its applicable interest charge, adding together the resulting amounts for each item. To avoid additional finance charges being applied to each overdue item on account statement, you must pay the new balance on your statement in full by the due date

indicated on your statement. Any APRs applicable to any item of your account will be applied to the average daily balance of that item on and after the effective date of that APR.

**11. ATTORNEY'S LIEN.** A lien acts as security for payment due to Attorney by Client. This lien could delay payments to client until any disputes over the amount to be paid to Attorney are resolved. Client hereby grants Attorney a lien for any sums due and owing to Attorney for fees and costs at the conclusion of Attorney's services. The lien will attach to any and all real or personal property of Client's, including any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise, in this matter. Client may seek the advice of an independent lawyer of the Client's choice about this lien and this matter. By initialing this provision and signing this agreement, Client acknowledges that it has been so advised and given a reasonable opportunity to seek that advice.
**Explained, Read and Approved:** _____ (Client's initials)

**12. DISCHARGE AND WITHDRAWAL.** Client may discharge Attorney at any time. Attorney may withdraw with Client's consent or for good cause. Good cause includes Client's breach of this agreement, including but not limited to failure to pay Attorney's fees and costs, refusal to cooperate or to follow Attorney's advice on a material matter or any fact or circumstance that would render Attorney's continuing representation unlawful or unethical. Upon signing this Agreement, Client agrees to consent to and sign a Substitution of Attorney that will be filed with the court upon Attorney's withdrawal as provided for in this section 10. When Attorney's services conclude, all unpaid charges will immediately become due and payable. After services conclude, Attorney will, upon Client's request, deliver Client's file and property in Attorney's possession, whether or not Client has paid for all services.

**13. LIMITED POWER OF ATTORNEY.** 1Client gives the Attorney the power and authority to execute any and all pleadings, claims, settlements, drafts, checks, agreements, contracts, compromises, releases, dismissals, deposits, orders, and other papers which Client could properly execute, and to receive on Client's behalf any moneys or other things of value to which Client may be entitled because of any judgment recovered or any settlement agreed on in connection with the claims covered by this contract only.

**14. DISCLAIMER OF GUARANTEE AND ESTIMATES.** Nothing in this agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of the matter. Attorney makes no such promises or guarantees. Attorney's comments about the outcome of the matter are expressions of opinion only. Any estimate of fees given by Attorney shall not be a guarantee. Actual fees may vary from estimates given.

**15. ENTIRE AGREEMENT.** This Agreement contains the entire Agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding on the parties.

EXHIBIT A

PAGE    OF

4 of 5

**16. SEVERABILITY IN EVENT OF PARTIAL INVALIDITY.** If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

**17. MODIFICATION BY SUBSEQUENT AGREEMENT.** This Agreement may be modified by subsequent Agreement of the parties only by an instrument in writing signed by both of them or an oral agreement only to the extent that the parties carry it out.

**18. EFFECTIVE DATE.** This Agreement will govern all legal services performed by Attorney on behalf of Client commencing with the date Attorney first performed services. The date at the beginning of this Agreement is for reference only. Even if this agreement does not take effect, Client will be obligated to pay attorney the reasonable value of any services Attorney may have performed for Client.

**THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE ATTORNEY FIRST PROVIDED SERVICES. IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND SEVERALLY, FOR ALL OBLIGATIONS UNDER THIS AGREEMENT. CLIENT SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.**

DATE: _____

_____
Mark Nesbitt CEO for Chumeia Vineyards

DATE: _____

_____
Adam R. Fairbairn

EXHIBIT A

PAGE    OF

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 819 - 12th Street, Ste. 211, Paso Robles, CA 93446.

A true and correct copy of the foregoing document entitled APPLICATION OF CHAPTER 11 DEBTOR TO EMPLOY ADAM R. FAIRBAIRN NUNC PRO TUNC TO JULY 5, 2011; DECLARATION OF ADAM R. FAIRBAIRN will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 15, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[Service information contained on attached page].

2. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):  On February 15, 2011 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Via First Class Mail**
Honorable Robin L. Riblet
United States Bankruptcy Court
1415 State Street, Suite 103
Santa Barbara, CA  93101-2511

[Service information contained on the attached page]

3. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 15, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

[Service information contained on attached page]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Dated: July 5, 2011

/s/ Adam R. Fairbairn
Adam R. Fairbairn

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Brian D. Fittipaldi brian.fittipaldi@usdoj.gov

United States Trustee (ND) ustpregion16.nd.ecf@usdoj.gov

Kelly Ann Mai Khanh Tran ktran@mkblaw.com

**2. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**

Kelly Ann Mai Khanh Tran, Esq.
Mulvaney, Kahan & Barry
401 W "A" St 17th Fl.
San Diego, CA 92101

(See attached list of 20 Largest Creditors)

**3. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL**

Main Document      Page 12 of 12

In re: CHUMEIA, INC., Debtor.; CASE NO.: 9:11-bk-12335-RR; CHAPTER 11
LARGEST 20 CREDITORS

Amer. Express
Box 0001
Los Angeles, CA 90096

CSC Logic
PO Box 975036
Dallas, TX 75397

Eric Danninger
1015 Fuller Road
San Luis Obispo, CA 93401

Eugene Dellavalle
520 Accornero St.
Madera, CA 93637

Farm Credit West
PO Box 929005
Yuba City, CA 95992

Farm Service Agcy.
920 E. Stowell Rd
Santa Maria, CA 93454

George Schofield & Assoc.
1637 Lincoln Ave.
Napa, CA 94558

John Stipicevich
P. O. Box 62
Santa Margareta, CA 83453

Kenneth Rhodes Co.
1200 Truxtun Ave., Ste.150
Bakersfield, CA 93301

Lee Nesbitt
824 Crazy Horse
Paso Robles, CA 93446

Mariani Packing Co.
500 Crocker Dr.
Vacaville, CA 95688

Mike Dusi
635 N Main St.
Templeton, CA 93465

Partridge/Leigh Vin
PO Box 635
Paso Robles, CA 93447

Pietrelli Vinos/SRL
Hipolito Yrigoyen61  5600
Office 5.5600
San Rafael Mendoza
ARGENTINA

Ralph Sawdy
PO Box 31
Shandon, CA 93461

Ranch 7
2325 Fortini Wy.
Paso Robles, CA 93446

Rio Del Mar Foods
866 E. Dartmouth
Fresno, CA 93720

San Joaquin Wine/Co
21801 Ave.16
Madera, CA 93637

San Luis Obispo County Tax Coll.
County Gov't Center, Room D-290
San Luis Obispo, CA 93408

Wells Fargo Bank
1620 E Roseville Pkwy Ste 100
Roseville CA 95661